United States District Court
Southern District of Texas
**ENTERED**
November 21, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN JIMENEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-1465 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| *and* TRACI JAROLIM | § | |
| | § | |
| *Defendant*s. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff John Jimenez's ("Jimenez") motion to remand.  Dkt. 4.

Having considered the motion, response, reply, complaint, and the applicable law, the court is of the

opinion that the motion should be GRANTED, and the case should be REMANDED to the 281st

Judicial District Court of Harris County, Texas.

## I. BACKGROUND

On or about January 8, 2016, Jimenez's home ("the Property") sustained damage from a

storm.  Dkt. 1, Ex. B at 3.  Jimenez had a homeowner's insurance policy issued by the defendant

Allstate Texas Lloyd's ("Allstate").  *Id.* at 2.  Jimenez submitted a claim to Allstate, who then

assigned Traci Jarolim as the individual adjuster.  *Id.* at 3.  Jarolim inspected the Property on or

around January 21, 2016, and found a total of $4,764.14 in damage.  *Id.*  Jimenez claims that

Jarolim's assessment undervalued the actual damage to the Property, which an independent adjuster

hired to inspect the Property, valued at $49,220.14.  *Id.* at 4.

On April 6, 2016, Jimenez filed suit against Allstate and Jarolim in the 281st Judicial District

Court in Harris County.  *Id.* at 1.  Jimenez asserted causes of action against both defendants under

the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA") and against Allstate for breach of contract and fraud. *Id.* at 7, 8, 10–12. On May 25, 2016, Allstate removed the case based on diversity of citizenship pursuant to 27 U.S.C. §§ 1332(a)(1), 1441(a), and 1446. Dkt. 1 at 1. Allstate is subject to personal jurisdiction in Texas because it offers insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Harris County, Texas. Dkt. 1, Ex. B at 2. For purposes of diversity jurisdiction, Jimenez is a citizen of Texas and Allstate is an unincorporated association of underwriters whose members are citizens of Illinois and New Jersey.[1] Dkt. 1. at 2; *see* 28 U.S.C. § 1332(c)(1).

It is undisputed that diversity jurisdiction exists between Jimenez and Allstate. However, like Jimenez, Jarolim is a citizen of Texas, which destroys complete diversity. *Id.* at 3. Allstate argues that Jarolim is an improperly joined party to the suit because Jimenez cannot establish an independent cause of action against Jarolim, and thus claims against her should be dismissed. *Id.* at ¶¶ 13–17. Allstate contends that after the claims against Jarolim are dismissed, federal jurisdiction based on complete diversity is proper between Jimenez and Allstate. *Id.* at 3.

Jimenez responds that the in-state defendant, Jarolim, is properly joined in this case, and the motion for remand should be granted because this court does not have subject matter jurisdiction in the absence of complete diversity. Dkt. 4 at 6. In his original complaint, Jimenez alleges that Jarolim undervalued or excluded specific items from her report in violation of the Unfair Settlement Practices Act of the Texas Insurance Code and the DTPA. Dkt. 1, Ex. B ¶¶ 16, 49–57. Jimenez hired a public adjuster to estimate the damage and alleges that Jarolim undervalued and excluded

---

[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S. D. Tex. 1998) (Kent, J.).

from her report several items that were found by that adjuster.[2]  Dkt. 1, Ex. B ¶ 16.  Jimenez argues that Jarolim's conduct of undervaluing and excluding damages from her estimate constitutes an independent cause of action.  Dkt. 4 at 6.  In particular, Jimenez included specific examples of how Jarolim failed to perform a proper inspection:

> Allstate hired or assigned . . . Jarolim to inspect and adjust the claim.  Jarolim's findings generated an estimate of damages totaling $4,764.14.  Jarolim conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. Specifically, Jarolim found that only the roof's exhaust cap, roof vent and flashing 14" were damaged.  [Jimenez] alleges that the public adjuster hired to review damage to the Property found $13,198.77 of damage to fifty-two [squares] of [Jimenez's] roof.

Dkt. 4 at 4.

## II. LEGAL STANDARD

A defendant may remove an action to federal court in instances where the court would have original jurisdiction over the case.  28 U.S.C. § 1441.  Subject matter jurisdiction based on diversity jurisdiction requires that (1) complete diversity exists among the parties, and (2) the amount in controversy must exceed $75,000.  *Id.* at § 1332.  The presence of a non-diverse defendant does not prevent removal of a case if the non-diverse defendant was improperly joined.  *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  In such instances where a non-diverse defendant has been improperly joined, *i.e.,* without a legal basis to do so, a case may be removed despite the

---

[2] Jimenez lists the following damaged items found by the public adjuster that were not included on Jarolim's estimate: "asphalt starter, ridge cap, ridge vent, drip edge, valley metal pipe jack flashing, step flashing, and furnace vent."  Dkt. 1, Ex. B. ¶16.  Additionally, Jimenez alleges that the public adjuster found damage to the "gutters and downspouts on every elevation," whereas Jarolim's estimate only "indicated damage to the front, rear, and right elevations;" and that the public adjuster found damage to the "fascia on every elevation" while Jarolim's estimate "only indicated damage to the front and rear elevations."  *Id.*

3

presence of a non-diverse defendant.  *Id.*  As the removing party, the defendant bears the "heavy burden" of demonstrating improper joinder.  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

"A non-diverse defendant may be found to be improperly joined if the plaintiff fraudulently pled the jurisdictional facts or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant."  *Robinson v. Allstate Texas Lloyds*, No. H-16-1569, 2016 WL 3745962 at *1 (S.D. Tex. July 13, 2016) (Atlas, J.); *see Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 199 (5th Cir. 2013).  The court has discretion to conduct a Rule 12(b)(6)-type analysis or "pierce the pleadings" in a summary inquiry.[3]  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 573–74.

In a 12(b)(6)-type analysis, the court applies the federal pleading standard.  *Int'l Energy Ventures Mgmt*, 818 F.3d at 202.  To avoid dismissal, the plaintiff must plead "enough facts to state a claim that is plausible on its facts."  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007)).  A claim is deemed facially plausible, "when the plaintiff pleads factual content that allows the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937  (2009).  A plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action in order to establish entitlement to relief.  *Twombly*, 550 U.S. at 555.  In the event the court finds that a claim has been insufficiently

---

[3] While the court has the discretion to choose between the two tests, "the summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Smallwood*, 386 F.3d at 573–74.  Examples of when a summary inquiry is appropriate include, "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not alleged, or any other factor that can easily be disproved if not true."  *Id.* at 574 n.12 (citing *Irby*, 326 F.3d at 648–49).

pled, the court should dismiss the improperly joined defendant without prejudice for lack of jurisdiction. *Lopez v. United Prop. & Cas. Ins.*, No. 3:16-CV-0089, 2016 WL 3671115, at *5 (S.D. Tex. July 11, 2016) (Hanks, J.).

### III. ANALYSIS

At the threshold, the court must decide which test to apply to determine whether a party is improperly joined. Allstate does not allege that Jimenez fraudulently pled jurisdictional facts. Rather, Allstate argues that Jimenez cannot establish a cause of action against Jarolim. Therefore, the appropriate test to determine if joinder is improper is whether the movant has demonstrated "that there is no possibility of recovery by the plaintiff against an in-state defendant." *Robinson*, 2016 WL 3745962 at *2 (quoting *Smallwood v. Ill. Cent. R. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). Allstate makes two arguments to support its position: (1) that Jimenez's allegations are conclusory and merely track the statutory language, and (2) that the claims against Jarolim alone are insufficient. Dkt. 9. Because Allstate alleges that Jimenez's claims against Jarolim are insufficient to establish a plausible claim to relief, a 12(b)(6)-type analysis is appropriate.

First, Jimenez argues that the allegations against Jarolim are sufficient to survive a Rule 12(b)(6)-type analysis. Dkt. 4 at 6. In response, Allstate argues that Jimenez's allegations are conclusory and therefore fail to satisfy the requirements of Rule 12(b)(6). Dkt. 9 at 6. This court addressed similar arguments in *Robinson v. Allstate*, 2010 WL 3745962. In *Robinson*, this court found the plaintiff alleged specific conduct against the in-state insurance adjuster and held this satisfied the federal pleading standard. *Id.* at *2, *3. The court found it sufficient that the plaintiff pled "[the in-state defendant] conducted a substandard review that resulted in a damage estimate of $484.93 for the roof's pipe jack flashing. Plaintiff allege[d] she hired an adjuster who found damage to [her] roof valued at $7,868.50." *Id.* at *2 (internal citations omitted); *see cf. Johnson v. Travelers*

5

*Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2 (S.D. Tex. July 29, 2016) (Miller, J.) (finding that plaintiff's claim was conclusory when the plaintiff alleged that the adjuster performed an "outcome oriented and unreasonable investigation of plaintiff's damages," without providing case-specific facts and damages.).

Here, Jimenez's claims are similar to the claims addressed by *Robinson*. Jimenez alleges that Jarolim's estimated damage was ten times lower than the damage estimated by the public adjuster. Dkt. 1, Ex. B at 3, 4 (compare the $4,764.14 in damage Jarolim found to the $49,220.14 in damage the public adjuster found). Additionally, Jimenez alleges that Jarolim excluded or undervalued specific items on her report, including damage to the gutters and downspouts. *Id.* at ¶¶ 14–17. Allstate responds that Jimenez's allegations track the statutory language of the Texas Insurance Code and the DTPA. Dkt. 1 at 6. However, the court finds the specific facts mentioned above constitute more than a mere recitation of the statute. *See* Compl. Therefore, Jimenez's claims are facially plausible and satisfy the requirements of Rule 12(b)(6) for purposes of the improper joinder analysis. *See Robinson*, No. H-16-1569 at *5.

Second, in addition to arguing that Jimenez's allegations are insufficient to survive a Rule 12(b)(6)-type analysis, Allstate argues that the allegations do not establish Jarolim's individual liability. Dkt. 1 at ¶¶ 13–17. Allstate relies on cases in which the plaintiffs fail to include a specific, itemized list of damages they believe the adjuster incorrectly valued. Dkt. 1 at 5, 6; *see Okenkpu v. Allstate Texas Lloyd's*, No. H-11-2376, 2012 WL 1038678, at *7 (S.D. Tex. 2012) (Harmon, J.) (holding the plaintiff's allegations against the adjuster were conclusory because the plaintiff did not include case-specific facts. The plaintiff claimed that the adjuster "conducted a substandard inspection of the [p]laintiff's property; that [the adjuster] spent an insufficient amount of time inspecting it, as evidenced by [the adjuster's] report, which failed to include all of the damages noted

6

upon inspection; and those damages . . . were grossly undervalued."); *Keen v. Wausau Bus. Ins. Co.*, 875 F. Supp. 2d 682, 688 (S.D. Tex. 2012) (Harmon, J.) (finding the plaintiff's allegations were insufficient when plaintiff's claims recited the statutory language and failed to include factual allegations against the in-state defendant).

Unlike the plaintiffs in *Okenkpu* and *Keen*, Jimenez included specific allegations against Jarolim that are independent of his allegations against Allstate.  *See* Dkt. 1, Ex. B at ¶¶ 13–17. Because Jimenez included a list of the items he believed Jarolim specifically undervalued or excluded from the report, the court finds there is a reasonable basis that Jimenez's claims against Jarolim are independent of his claims against Allstate.  *See Robinson*, 2016 WL 3745962 at *2 (holding that there was a reasonable basis to predict that the plaintiff could possibly recover against the in-state defendant because "[t]he detailed factual allegations…[were] adequate to satisfy the requirements of Rule 12(b)(6)."). Allstate fails to meet the heavy burden required to establish improper joinder.  Because Allstate did not establish improper joinder of Jarolim, there is no complete diversity of the parties.  Accordingly, the court lacks subject matter jurisdiction over this controversy.

## IV. CONCLUSION

Plaintiff's motion for remand (Dkt. 4) is GRANTED, and this case is REMANDED to the 281st Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on November 21, 2016.

_____
Gray H. Miller
United States District Judge

7